UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM CLINARD,

                Plaintiff,

-vs-                                                Case No.   2:07-cv-215-FtM-34SPC

ALLSTATE FLORIDIAN INDEMNITY
COMPANY; ALLSTATE FLORIDIAN
INSURANCE COMPANY,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on The Defendant Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Motion to Dismiss, or in the Alternative to Stay the Complaint (Doc. #4) filed on April 11, 2007.  The Plaintiff filed his Response (Doc. # 9) on April 30, 2007.  The Defendants sought the Court's permission to file a reply brief to the Plaintiff's response, which was granted by the Court on May 10, 2007.  The Reply Brief (Doc. # 14) was subsequently filed on May 17, 2007.  On October 10, 2007, the District Court issued an Order (Doc. # 36) referring the Motion to Dismiss to the undersigned for the issuance of a Report and Recommendation (R & R ).  Thus, the Motion to Dismiss or in the Alternative to Stay the Complaint is now ripe for review.

## FACTS

    On October 24, 2005, the Plaintiff's home was damaged during Hurricane Wilma.  The Plaintiff's property was insured by Allstate Floridian Indemnity Company (Allstate).  Allstate adjusted

the loss to the Plaintiff's property, however, the Plaintiff states that Allstate did not cover the Plaintiff's permitting fees as a cost of repair related to the roof damage caused by Hurricane Wilma. The Plaintiff subsequently brought the instant action.

## DISCUSSION

The Defendant moves to dismiss the action or in the alternative to stay the case pending the appraisal. The Plaintiff states the motion to dismiss is in fact a motion for summary judgment in that the Motion asks the Court to rule on the merits of the case rather than the pleading, and second the appraisal clause in the contract was not mandatory.

### *(1) Motion to Dismiss*

At the motion to dismiss stage of a claim, the scope of the court's review is limited to the four corners of the complaint. St. George v. Pinellas County, 285 F. 3d 1334, 1337 (11th Cir. 2002). In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, ----U.S.---- ,127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 127 S. Ct. at 1964-1965. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Although, once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); Financial Security Assurance, Inc. v. Stephens, Inc., — F.3d—, 2007 WL 2700280 (11th Cir. September 18, 2007). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

In this instance, the Defendant states the Plaintiff failed as a matter of law to allege a breach of contract claim because no facts were alleged to demonstrate that any particular provision of the insurance policy was breached, and the Plaintiff failed to allege actual damages as required by Florida law. The Plaintiff counters that it gave a history of all risk insurance coverage in the State of Florida that demonstrates that Allstate failed to cover all risks of damage by not covering the permit costs and fees.

The Defendant argues the Plaintiff failed to make a contractually required claim for the permit fee under the terms of the policy and further there is no allegation that Allstate denied a claim for the amount of the permit fee. Therefore, the Defendant argues that without a claim or a denial of a claim for the fees, the policy could not be breached. The Plaintiff argues that Allstate failed to consider or pay the permit fees in covering the Plaintiff's loss under the umbrella of an all risk policy.

In order to properly allege a breach of contract claim, the Plaintiff must show (1) that a contract exists, (2) the contract has been breached, (3) that some damage has occurred which flowed from that breach. Looney v. Protective Life Insurance, Co., 2007 WL 2669190 * 3 (M.D. Fla. September 6, 2007) (citing Knowles v. C.I.T. Corp., 346 So. 2d 1042 (Fla. 1st DCA 1977)). In this instance there is no dispute that a contract exists. The Defendant Allstate has made payments pursuant to the contract at issue in this action. Therefore, the first element is established.

The burden of proof is on the Plaintiff to demonstrate facts or allegations that Allstate breached the contract, however, that threshold is very low. Looney, 2007 WL 2669190 * 3. The Plaintiff's Complaint sets forth the allegation that Allstate failed to make a payment for permit fees, that should have been covered by the contract. (Doc. # 2, ¶ 2). Therefore, the Plaintiff alleges that Allstate breached the contract. The Plaintiff set forth an allegation that Allstate failed to cover a loss he believed was covered under the terms of the contract. While the Defendant argues that the Plaintiff was not covered under the contract for permitting fees, and that he never made a claim for those fees, those are factual arguments that are better made at the summary judgment stage after discovery has occurred.

Finally, the Defendant argues the Plaintiff did not set forth any damages. However, the damages are clearly established as the amount of the permit fees. While a specific amount is not alleged, it is sufficient enough to put Allstate on notice the claim is for the amount of the permitting fees charged by the State of Florida.

A complaint should no be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) unless it appears beyond a doubt that the Plaintiff can prove no set of circumstances that would entitle him to relief. Looney, 2007 WL 2669190 * 2 (citing American Association of People with Disabilities

v. Smith, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002)). Here, the Plaintiff made sufficient factual allegations and provided sufficient notice of claim under Fed. R. Civ. P. 8 to survive the Motion to Dismiss. Consequently, it is respectfully recommended the Motion to Dismiss be denied.

### *(2) Whether the Case Should be Stayed*

The Defendant argues that under the terms of the policy Allstate may make a written demand for appraisal in order to determine the amount of loss. Therefore, the Defendant requests that the case be stayed until such time as an appraisal can be conducted. The Plaintiff asserts that Allstate waived it right to an appraisal because it failed to comply with Fla. Stat. § 627.7015, and Emergency Order 69BER04-18.

Initially, the Plaintiff's arguments lack merit. Florida Stature § 627.7015 establishes an informal mediation process for insurers and the insured "who elect this procedure to resolve their claims." The statute reads in pertinent part: "[a]t the time a first party claim within the scope of this section is filed, the insurer shall notify all first-party claimants of their right to participate in the mediation program under this section." Fla. Stat. § 627.7015(2). If an insurer fails to notify the claimant of this process then the appraisal clause in the insurance contract is waived. Fla. Stat. § 627.7015(2). However, in this instance, Allstate notified the Plaintiff of the process. Furthermore, the statute requires that the claim exceed at least $500.00 in damages before the statute is invoked. While the Plaintiff does not allege a specific dollar amount in his complaint, the Plaintiff does state the claim is for permit fees. Allstate calculates the Plaintiff's claimed damages, using the fees for a roof permit, to be $144.00. Thus, it appears that Allstate met the notification requirements in the statute, or in the alternative, the Plaintiff's claim fails to meet the $500.00 minimum damage assessment to become mandatory.

Emergency Order 69BER04-18, issued by the Department of Financial Services, requires insurers to issue notification of mediation within five (5) days of the time an insured files a first-party claim. The Plaintiff claims the Defendant never received this notice. However, pursuant to Emergency Orders, such as 69BER04-18, expire after ninety (90) days. Fla. Stat. § 120.54(2)(c). In this instance, Emergency Order 69BER04-18, was issued on October 11, 2004, to aid the victims of Florida's numerous hurricanes that year. Under the restrictions established by § 120.54(2)(c), the Emergency Order expired on January 9, 2005. The damage to the Defendant's house did not occur until October of 2005, well after the requirements of Emergency Order 69BER04-18 had expired.

Allstate also moves the Court to stay the case pending appraisal. Under the terms of the policy, either Allstate or the Plaintiff may make a written demand for appraisal in order to determine the amount of loss. The policy reads:

> [i]f you and we **fail to agree on the amount of the loss**, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.
> The appraisers shall then determine the amount of loss. . . .

(Doc. # 1, Ex. 1, p. 39) (emphasis added). In this instance, there does not appear to be a dispute over the amount of the loss. Allstate calculates the loss to be $144.00 dollars. The Plaintiff does not dispute that amount nor the method used by Allstate to calculate that amount. It is clear from the language of the policy that appraisal can be invoked when there is a damage amount in dispute. In this instance, there is no damage amount in dispute. The amount of the permit fees is fixed by the county in which the repairs occurred. Therefore, the appraisal clause is not relevant to the issue in

this case. Rather, the issue appears to be whether or not the permit fees are covered under the policy, and whether or not the Plaintiff made a claim to recover those fees. Thus, there is no need for an appraisal.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendant Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Motion to Dismiss, or in the Alternative to Stay the Complaint (Doc. #4) should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   25th   day of October, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record