**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

WILLIAM CLINARD,

        Plaintiff,

vs.                                            Case No.  2:07-cv-215-FtM-34SPC

ALLSTATE FLORIDIAN INDEMNITY
COMPANY and ALLSTATE FLORIDIAN
INSURANCE COMPANY,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 37; Report), entered October 25, 2007, recommending that Defendants Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Motion to Dismiss, or in the Alternative to Stay the Complaint and Supporting Memorandum of Law (Dkt. No. 4; Motion) be denied. See Report at 7. Defendants filed objections to the Report on November 7, 2007. See Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Objection to Magistrate Judge's Report and Recommendation and Supporting Memorandum of Law (Dkt. No. 38; Objections). On December 3, 2007, the Court entered an Order (Dkt. No. 42) directing Plaintiff to file a response to the Objections on or before December 12, 2007. Plaintiff filed a response to the Objections on December 9, 2007. See Plaintiff's Response to Defendants' Objection to Magistrate Judge's Report and Recommendation and Supporting Memorandum of Law (Dkt. No. 43; Response).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

Upon de novo review, the Court will overrule the objections and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1]  However, the Court will supplement the Magistrate Judge's analysis in light of the objections raised by Defendants.

Defendants first object to the Magistrate Judge's finding that the instant case should not be stayed pending an appraisal. See Objections at 2-5. In the Report, the Magistrate Judge found that, while the terms of the insurance policy at issue provide that either Plaintiff or Defendant Allstate Floridian Indemnity Company ("Allstate") may make a written demand for an appraisal if they fail to agree on the amount of loss suffered by Plaintiff, the amount of loss is not in dispute in the instant case because Allstate calculated the cost of a permit to be $144.00 in the notice of removal and the amount of the permit fees is fixed by the county in which the repairs occurred. See Report at 6-7. Defendants argue that Allstate has not conceded the amount of loss at issue in the instant case, noting that "[d]etermining the amount of loss inherently encompasses factual considerations that impact whether any roof permit is required, the nature of any such permit, the class or level of permit required, and myriad other issues affecting the amount owing under the policy." See Objections at 3.

---

[1] In a footnote to the Motion and the Objections, Defendants suggest that Defendant Allstate Allstate Floridian Insurance Company is not a proper party to this suit. The Court declines to consider this argument as it is not properly raised or supported by a memorandum of law as required by Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)). Defendants are free to raise this argument in a proper motion should they desire to do so.

Upon review of the Complaint, the Court agrees with the Magistrate Judge's finding that the appraisal provision of the policy is not relevant to the issue involved in the instant case. See Report at 6-7. Indeed, the instant case does not involve a dispute regarding the amount of loss suffered by Plaintiff but rather whether Defendants are required to pay permit fees under the terms of the policy at issue. See Complaint-Class Representation (Dkt. No. 2; Complaint) at ¶¶ 1-2, 12; see also Gonzalez v. State Farm Fire and Cas. Co., 805 So.2d 814, 815, 817 (Fla. 3d DCA 2000) (holding that "whether [a] claim is covered by a policy is a judicial question, not a question for the appraisers" under an appraisal clause that provided that the amount of loss would be set by appraisal). As coverage challenges must be judicially determined, the instant case is properly before the Court and must not be stayed or dismissed pending the completion of an appraisal. See Johnson v. Nationwide Mut. Ins. Co., 828 So.2d 1021,1025 (Fla. 2002) (recognizing that "[a] challenge of *coverage* is exclusively a judicial *question* . . .") (emphasis in original) (quoting Midwest Mutual Ins. Co. v. Santiesteban, 287 So. 2d 665, 667 (Fla. 1974)).[2]

The Court will next address Defendants' objection to the Magistrate Judge's finding that Plaintiff has stated a breach of contract claim. See Objections at 5-7. Defendants argue that Plaintiff's breach of contract claim fails because the Complaint (1) is devoid of any allegations regarding the actual damages suffered by Plaintiff and (2) did not identify a specific policy provision that Allstate breached. See id. at 6-7.

---

[2] As noted above, Defendants argue that Allstate has not conceded the amount of loss at issue in the instant case. See Objections at 3. The Court agrees that Defendants have not conceded that the amount of damages in this case is $144.00 by including this figure in their Notice of Removal. Instead, the Court's determination that the instant case should not be stayed pending an appraisal is based on the conclusion that the Complaint raises a coverage dispute rather than a dispute regarding the amount of loss.

As an initial matter, Defendants rely on <u>Insurance Concepts and Design, Inc., v. Healthplan Services, Inc.</u>, 785 So.2d 1232 (Fla. 4th DCA 2001), in arguing that, under Florida law, an insured must allege that a specific policy provision has been breached in order to state a claim for breach of an insurance contract. <u>See</u> Objections at 6-7. However, in that case, the Fourth District Court of Appeals held that a Plaintiff must allege that an express term of a contract has been breached in order to state a **claim for breach of the implied covenant of good faith and fair dealing**. <u>See</u> <u>Insurance Concepts and Design, Inc.</u>, 785 So. 2d at 1234 (emphasis added). As the instant case does not involve a claim for breach of the implied covenant of good faith and fair dealing, the Court finds Defendants reliance on <u>Insurance Concepts and Design, Inc.</u> to be misplaced. Moreover, as noted by the Magistrate Judge, in order to allege a breach of contract claim under Florida law, a plaintiff must demonstrate "(1) that a contract exists, (2) that the contract has been breached, and (3) that some damage has occurred." <u>See</u> <u>Looney v. Protective Life Ins. Co.</u>, No. 8:07-cv-1020-T-17TBM, 2007 WL 2669190, at *3 (M.D. Fla. Sept. 6, 2007) (citing <u>Knowles v. C.I.T. Corp.</u>, 346 So. 2d 1042 (Fla. 1st DCA 1977)). The Court agrees with the Magistrate Judge's finding that Plaintiff has sufficiently alleged that Allstate breached the contract by failing to pay for permitting and other similar fees when adjusting roof damage claims in Florida. <u>See</u> Report at 4; <u>see also</u> Complaint at ¶¶ 1-2, 7-9, 22, 24.

With respect to Defendants' argument that Plaintiff's breach of contract claim fails due to an absence of any allegations regarding the actual damages suffered by Plaintiff, the Court notes that Plaintiff asserts that Defendants failed to pay permitting fees in adjusting roof damage claims in Florida and that Plaintiff's claim is typical of those of the class. <u>See</u>

Complaint at ¶¶ 2, 13.  Given these allegations, the Court agrees that the Complaint sufficiently places Defendants on notice that the damages at issue in the instant case are the amount of the permit fees.  See Report at 4.  Moreover, while Defendants argue that Plaintiff fails to allege that he submitted a claim to Allstate for a roof permit, see Objections at 6, the Court notes that Plaintiff specifically alleges that he complied with all conditions precedent to be entitled to recovery under the policy and that he made a "demand for payment".  See Complaint at ¶¶ 22, 24.  Accordingly, it is **ORDERED:**

    1.    Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 37) is **ACCEPTED**.

    2.    Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Objection to Magistrate Judge's Report and Recommendation and Supporting Memorandum of Law (Dkt. No. 38) is **OVERRULED**.

    3.    Defendants Allstate Floridian Indemnity Company and Allstate Floridian Insurance Company's Motion to Dismiss, or in the Alternative to Stay the Complaint and

Supporting Memorandum of Law (Dkt. No. 4) is **DENIED**.

  **DONE and ORDERED** in Chambers in Fort Myers, Florida, this <u>28th</u> day of March, 2008.

                **MARCIA MORALES HOWARD**
                United States District Judge

lc3

Copies to:

Counsel of Record